UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEW ENGLAND PROPERTY SERVICES GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE TRAVELERS HOME AND MARINE INSURANE COMPANY, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO: 1:25-CV-10666-AK

**ANSWER, COUNTERCLAIM, AND JURY DEMAND OF TRAVELERS HOME AND MARINE INSURANCE COMPANY**

Pursuant to the provisions of Rule 8 of the Federal Rules of Civil Procedure, the defendant, The Travelers Home and Marine Insurance Company ("Travelers"), by and through counsel, hereby answers the plaintiff's Complaint as follows:

**PARTIES**

1. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 1 of the plaintiff's Complaint.

2. Travelers admits the allegations contained in Paragraph 2 of the plaintiff's Complaint.

**JURISDICTION AND VENUE**

3. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 3 of the plaintiff's Complaint.

4.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 4 of the plaintiff's Complaint.

## FACTUAL BACKGROUND

5.    Travelers admits the allegations contained in Paragraph 5 of the plaintiff's Complaint.

6.    Travelers admits that it issued homeowners insurance policy number 614262907-633-1, effective for the policy period from June 27, 2023, to June 27, 2024, to Avrom Honig as named insured, which policy affords insurance consistent with its express terms, conditions, and limits. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the remaining allegations contained in Paragraph 6 of the plaintiff's Complaint.

7.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 7 of the plaintiff's Complaint.

8.    Travelers admits that someone reported that on or about July 10, 2023, the residence located at 41 Pleasant Street, Bellingham, Massachusetts, sustained damage after a storm. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 8 of the plaintiff's Complaint.

9.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. Travelers admits that the named insured notified it about the loss, after which Travelers set up a claim and assigned Claim No. IM8022. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 11 of the plaintiff's Complaint.

12. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. Travelers admits that the named insured and plaintiff's representatives corresponded via text message with its claims representative on or about July 11, 2023. Further answering, Travelers admits that Exhibit 3 speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. Travelers admits it retained Scott Chase of Chase Building and Remodeling to inspect the subject premises. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 15 of the plaintiff's Complaint.

16. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 16 of the plaintiff's Complaint.

17. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17 of the plaintiff's Complaint.

18. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 18 of the plaintiff's Complaint.

19. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 19 of the plaintiff's Complaint.

20. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 20 of the plaintiff's Complaint.

21. Travelers admits its representative scheduled a joint inspection of the subject premises on July 14, 2023. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 21 of the plaintiff's Complaint.

22. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 22 of the plaintiff's Complaint.

23.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 23 of the plaintiff's Complaint. Further answering, Travelers states the estimate from the inspection on July 14, 2023, is attached as Exhibit 5, which is a document that speaks for itself.

24.    Travelers admits the allegations contained in Paragraph 24 of the plaintiff's Complaint to the extent a joint inspection of the subject premises conducted on July 14, 2023. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the allegations contained in Paragraph 24 of the plaintiff's Complaint.

25.    Travelers denies the allegations contained in Paragraph 25 of the plaintiff's Complaint.

26.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 26 of the plaintiff's Complaint.

27.    Travelers admits that it sent a Reservation of Rights letter to the named insured dated July 14, 2023. Otherwise, Travelers denies the allegations contained in Paragraph 27 of the plaintiff's Complaint.

28.    Travelers admits the allegations contained in Paragraph 28 of the plaintiff's Complaint.

29.    Travelers admits the allegations contained in Paragraph 29 of the plaintiff's Complaint.

30.    Travelers admits that it issued a check totaling $3,266.83 to the named insured on July 17, 2023. Otherwise, Travelers is without knowledge or information

sufficient to form a belief concerning the truth of the allegations contained in Paragraph 30 of the plaintiff's Complaint.

31.     Travelers admits it issued a letter to the named insured regarding the claim payment on July 17, 2023. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 31 of the plaintiff's Complaint.

32.     Travelers admits that its representatives corresponded with the named insured at various times in July 2023 concerning the subject property damage claim. Otherwise, Travelers otherwise denies the allegations contained in Paragraph 32 of the plaintiff's Complaint.

33.     Travelers admits that it received a letter from plaintiff's representatives dated Jul 24, 2023. Travelers further admits that the document attached as Exhibit 4 speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 33 of the plaintiff's Complaint.

34.     Travelers admits that it received a letter from plaintiff's representatives dated Jul 24, 2023. Travelers further admits that the document attached as Exhibit 4 speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 34 of the plaintiff's Complaint.

35.     Travelers denies the allegations contained in Paragraph 35 of the plaintiff's Complaint.

36.    Travelers admits that it received electronic correspondence from the plaintiff's representative dated August 14, 2023, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 36 of the plaintiff's Complaint.

37.    Travelers admits the allegations contained in Paragraph 37 of the plaintiff's Complaint, to the extent that the policy is a document which speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 37 of the plaintiff's Complaint.

38.    Travelers admits the Massachusetts General Laws speak for themselves. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 38 of the plaintiff's Complaint.

39.    Travelers admits the allegations contained in Paragraph 39 of the plaintiff's Complaint. Travelers further admits that letter identified in Paragraph 39 of the plaintiff's Complaint is a document that speaks for itself.

40.    Travelers denies the allegations contained in Paragraph 40 of the plaintiff's Complaint.

41.    Travelers denies the allegations contained in Paragraph 41 of the plaintiff's Complaint.

42.    Travelers denies the allegations contained in Paragraph 42 of the plaintiff's Complaint.

43. Travelers denies the allegations contained in Paragraph 43 of the plaintiff's Complaint to the extent the plaintiff alleges that its August 18, 2023, letter constitutes a demand which complied with the provisions of G.L. c. 93A.

44. Travelers admits the allegations contained in Paragraph 44 of the plaintiff's Complaint. Further answering, Travelers admits the documents attached as Exhibit 6 speak for themselves.

45. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 45 of the plaintiff's Complaint.

46. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 46 of the plaintiff's Complaint.

47. Travelers admits the allegations contained in Paragraph 47 of the plaintiff's Complaint.

48. Travelers admits the allegations contained in Paragraph 48 of the plaintiff's Complaint.

49. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 49 of the plaintiff's Complaint.

50. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 50 of the plaintiff's Complaint.

51.     Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 51 of the plaintiff's Complaint.

52.     Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 52 of the plaintiff's Complaint.

53.     Travelers admits that on or about September 18, 2023, its retained legal counsel wrote to the plaintiff concerning the claim and demand, which letter is a document that speaks for itself. Otherwise, Travelers denies the remaining allegations contained in Paragraph 53 of the plaintiff's Complaint.

54.     Travelers denies the allegations contained in Paragraph 54 of the plaintiff's Complaint.

55.     Travelers admits that on September 21, 2023, plaintiff's legal representatives sent electronic correspondence to Attorney William Schneider, which correspondence speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 55 of the plaintiff's Complaint.

56.     Travelers admits that on September 21, 2023, its retained legal counsel sent electronic correspondence to the plaintiff's legal representatives, which correspondence speaks for itself.

57.     Travelers admits that the plaintiff's representatives sent electronic correspondence to its representatives concerning the scope of repairs on November 1, 2023. Otherwise, Travelers is without knowledge or information sufficient to form a belief

concerning the truth of the allegations contained in Paragraph 57 of the plaintiff's Complaint.

58.    Travelers admits that its representatives sent electronic correspondence to plaintiff's representatives on November 2, 2023. Further answering, Travelers admits that the document attached as Exhibit 10 speaks for itself.

59.    Travelers admits the allegations contained in Paragraph 59 of the plaintiff's Complaint to the extent its claim representative sent electronic correspondence to plaintiff's representatives dated November 1, 2023, which correspondence speaks for itself.

60.    Travelers admits to the allegations contained in Paragraph 60 of the plaintiff's Complaint.

61.    Travelers admits that it received electronic correspondence from the plaintiff's representatives dated December 1, 2023, which correspondence speaks for itself. Otherwise, Travelers denies the allegations contained in Paragraph 61 of the plaintiff's Complaint.

62.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 62 of the plaintiff's Complaint.

63.    Travelers admits that it received electronic correspondence from the plaintiff's representatives dated December 21, 2023, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 63 of the plaintiff's Complaint.

64.     Travelers admits that it received electronic correspondence from the plaintiff's representatives dated December 21, 2023, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 64 of the plaintiff's Complaint.

65.     Travelers admits that it received electronic correspondence from the plaintiff's representatives dated December 26, 2023, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 65 of the plaintiff's Complaint.

66.     Travelers admits that it received electronic correspondence from the plaintiff's representatives dated January 2, 2024, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 66 of the plaintiff's Complaint.

67.     Travelers admits that its claim representative sent electronic correspondence to the plaintiff's representatives dated January 2, 2024, regarding reinspecting the property, which correspondence speaks for itself. Otherwise, Travelers denies the allegations contained in Paragraph 67 of the plaintiff's Complaint.

68.     Travelers admits to the allegations contained in Paragraph 68 of the plaintiff's Complaint.

69.     Travelers admits to the allegations contained in Paragraph 69 of the plaintiff's Complaint.

70.     Travelers admits to the allegations contained in Paragraph 70 of the plaintiff's Complaint.

71.     Travelers admits to the allegations contained in Paragraph 71 of the plaintiff's Complaint.

72.     Travelers admits that its claim representative sent the named insured a letter dated January 9, 2024, which letter speaks for itself. Otherwise, Travelers denies the remaining allegations contained in Paragraph 72 of the plaintiff's Complaint.

73.     Travelers admits that its claim representative sent the named insured a letter dated January 9, 2024, which letter speaks for itself. Otherwise, Travelers denies the remaining allegations contained in Paragraph 73 of the plaintiff's Complaint.

74.     Travelers admits that plaintiff's representatives sent electronic correspondence to Travelers dated January 9, 2024, which correspondence speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the plaintiff's Complaint.

75.     Travelers admits that it affords coverage consistent with the terms, conditions, and limits of the policy of insurance. To the extent that the plaintiff alleges otherwise, Travelers denies these allegations.

76.     Travelers denies the allegations contained in Paragraph 76 of the plaintiff's Complaint.

77.     Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 77 of the plaintiff's Complaint.

78.    Travelers denies the allegations contained in Paragraph 78 of the plaintiff's Complaint.

79.    Travelers admits that its claim representatives sent a letter dated January 12, 2024, to plaintiff's representatives, which letter speaks for itself. Otherwise, denies the allegations contained in Paragraph 79 of the plaintiff's Complaint.

80.    Travelers admits the allegations contained in Paragraph 80 of the plaintiff's Complaint.

81.    Travelers admits that its claim representatives sent a letter dated February 9, 2024, to plaintiff's representatives, which letter speaks for itself. Otherwise, denies the allegations contained in Paragraph 81 of the plaintiff's Complaint.

82.    Travelers admits the allegations contained in Paragraph 82 of the plaintiff's Complaint.

83.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 83 of the plaintiff's Complaint.

84.    Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 84 of the plaintiff's Complaint.

85.    Travelers admits the allegations contained in Paragraph 85 of the plaintiff's Complaint.

86.    Travelers admits that it sent a letter to plaintiff's representatives dated March 5, 2024, which letter is a document that speaks for itself. Otherwise, Travelers is

13

without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 86 of the plaintiff's Complaint.

87. Travelers admits that its claim representatives received electronic correspondence from the plaintiff's representatives dated March 7, which correspondence is a document that speaks for itself. Otherwise, Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 87 of the plaintiff's Complaint.

88. Travelers admits the allegations contained in Paragraph 88 of the plaintiff's Complaint.

89. Travelers admits that its representatives responded to the plaintiff's electronic correspondence on March 7, 2024, which correspondence speaks for itself. Otherwise, Travelers denies the allegations contained in Paragraph 89 of the plaintiff's Complaint.

90. Travelers denies the allegations contained in Paragraph 90 of the plaintiff's Complaint.

91. Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 91 of the plaintiff's Complaint.

92. Travelers denies the allegations contained in Paragraph 92 of the plaintiff's Complaint.

93. Travelers admits the allegations contained in Paragraph 93 of the plaintiff's Complaint.

94.     Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 94 of the plaintiff's Complaint. Answering further, Travelers states that Exhibit 17 is incomplete and does not include the prior communications identified in the letter as attachments.

95.     Travelers is without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 95 of the plaintiff's Complaint. Further answering, Travelers states that Exhibit 17 is incomplete and does not include the prior communications identified in the letter as attachments.

96.     Travelers denies the allegations contained in Paragraph 96 of the plaintiff's Complaint.

97.     Travelers denies the allegations contained in Paragraph 97 of the plaintiff's Complaint.

### COUNT I
### Violation of M.G.L. c. 93A

98.     Travelers repeats, restates, and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 97 of this Answer as fully set forth herein.

99.     Travelers admits that at all relevant that at all relevant times it was licensed to transact the business of insurance within the Commonwealth of Massachusetts. Otherwise, Travelers is without the knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 99 of the plaintiff's Complaint.

100.    Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

15

101. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

102. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

103. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

104. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

105. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

106. Travelers admits that the Massachusetts General Laws speak for themselves, and that to the extent the plaintiff relies upon those allegations for the purpose of imposing liability upon Travelers, same are denied in their entirety.

107. Travelers denies the allegations contained in Paragraph 107 of the Plaintiff's Complaint.

108. Travelers denies the allegations contained in Paragraph 108 of the Plaintiff's Complaint.

109.   Travelers denies the allegations contained in Paragraph 109 of the Plaintiff's Complaint.

110.   Travelers denies the allegations contained in Paragraph 110 of the Plaintiff's Complaint.

111.   Travelers denies the allegations contained in Paragraph 111 of the Plaintiff's Complaint.

112.   Travelers denies the allegations contained in Paragraph 112 of the Plaintiff's Complaint.

## COUNT II—Breach of Contract

113.   Travelers repeats, restates, and incorporates by reference its responses to the allegations set forth in Paragraphs 1 through 112 of this Answer as fully set forth herein.

114.   Travelers denies the allegations contained in Paragraph 114 of the plaintiff's Complaint.

115.   Travelers denies the allegations contained in Paragraph 115 of the plaintiff's Complaint.

116.   Travelers denies the allegations contained in Paragraph 116 of the plaintiff's Complaint.

117.   Travelers denies the allegations contained in Paragraph 117 of the plaintiff's Complaint.

118.   Travelers denies the allegations contained in Paragraph 118 of the plaintiff's Complaint.

119.    Travelers denies the allegations contained in Paragraph 119 of the plaintiff's Complaint.

WHEREFORE, the defendant, Travelers, respectfully requests that this Honorable Court enter judgment dismissing the Complaint and award Travelers its costs, together with such further relief the Court deems just and proper.

## JURY DEMAND

**TRAVELERS HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO A JURY**

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the plaintiff suffered the injuries or damages as alleged in the plaintiff's Complaint, such injuries or damage were caused by someone for whose conduct the defendant is not legally responsible.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff did not comply with certain terms and condition of the policy of insurance alleged in the plaintiff's Complaint that are conditions precedent to the bringing of this action and that, therefore, the plaintiff cannot recover.

## THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff's Complaint must fail for its failure to name indispensable parties, and that the assignment of benefits relied upon the plaintiff is null and void because the plaintiff has acted unlawfully as an unlicensed public adjuster.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's Complaint must fail because there exists no case or controversy with regards to the claims as alleged in this case where the plaintiff lacks standing to sue on the contract.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that its obligations, if any, to the plaintiff are governed by the terms, provisions, conditions, and limitations of the insurance policy.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that all or part of the underlying claim for which the plaintiff seeks coverage is not within the scope of risks covered by the insurance policy.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that all or part of the underlying claim for which the plaintiff seeks coverage is excluded by the terms and provisions of the insurance policy the defendant issued to the plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims may be barred, in whole or in part, by the terms, definitions, exclusions, conditions and limitations contained in the policy the defendants issued to the plaintiff.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff's claims, in whole or in part, are, or may be, barred by statute, public policy, laches, waiver, estoppel, unclean hands and/or the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff has failed to comply with the conditions precedent to bringing this action as required by Massachusetts law, including, but not limited to, G.L. c. 93A, and that the provisions of c. 93A do not apply to its claim handling activities.

## ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff may not recover consequential or exemplary damages, or attorneys' fees in this matter.

## TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that it did not act in bad faith or otherwise commit any conduct that violated G.L. c. 176D or actionable under G.L. c. 93A, but rather the defendants acted in accordance with all of its statutory and contractual obligations.

## THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant states that the plaintiff, by its own conduct and actions and/or by the conduct and actions of its agents, servants, attorneys, or representatives, cannot recover in this action.

## JURY DEMAND

**TRAVELERS HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO A JURY**

## COUNTERCLAIMS

Pursuant to the provisions of Rule 13 of the Federal Rules of Civil Procedure, the defendant plaintiff in counterclaim, The Travelers Home and Marine Insurance Company, ("Travelers") hereby asserts the following Counterclaim against New England Property Service Group LLC ("NEPSG"). Travelers reserves the right to amend this Counterclaim as discovery warrants.

1.      The defendant and plaintiff in counterclaim, Travelers, is a duly organized company with a principal place of business located at One Tower Square, Suite 2MS, Hartford, Connecticut 06183, and is properly licensed to transact the business of insurance in Massachusetts.

2.      The plaintiff and defendant in the counterclaim, NEPSG, is a Massachusetts limited liability company with a usual place of business at 1822 North Main Street, Second Floor, Annex #001, Fall River, Massachusetts.

3.      Steven Ceceri is the sole manager and member of NEPSG.

4.      Steven Ceceri is not licensed in the Commonwealth of Massachusetts as a public insurance adjuster or as an attorney.

5.      NEPSG engages in trade and commerce in the Commonwealth of Massachusetts and other New England states.  It is in the business of general contracting, as well as the sale of vinyl siding and roofing services.

6.      NEPSG deploys a business model wherein its agents, servants, employees and/or independent contractors solicit business by referrals and/or door-to-door inquiries about property inspections which lead to the reporting and pursuit of insurance claims.

7.      Upon information and belief, NEPSG contracts with its customers to perform property damage inspections and, thereafter, serve as the general contractor for any work.

8.      Upon information and belief, NESPG drafts the contracts it enters into with its customers, and the terms of the contract are not subject to negotiation with insurers such as Travelers.

9.      NEPSG drafted the contract it entered into the Avrom Honig, and Travelers is not a party to that contract.

10.     NEPSG enters into contracts with its customers to provide services in connection with insurance claims.

11.     In its contracts, NEPSG  provides that its customers and or client "appoints, directs, and authorizes New England Property Services Group, LLC, hereinafter referred to as 'Contractor', to act for and on behalf of Customer, in matters relative to the technical aspects of the mitigation/remediation and/or renovation/restoration of damages sustained to Customer's real property, whose location is also described herein. The technical aspects generally refer to meeting with the insurance company representative(s) to go over the physical damage to the property and to provide a written Scope of Work with a written estimate that provides the costs associated with the identified Scope of Work."

12.     The provisions of  G.L. c. 175, §162 set forth the criteria for public insurance adjusting, and who qualifies as a public adjuster as follows:

> Whoever, for compensation, not being an attorney at law acting in the usual course of his profession, directly or indirectly solicits from an insured or the representative of the insured, or performs services pursuant to an agreement, engagement or undertaking to represent the insured in connection with the assessment of damages, negotiation, settlement, appraisal or reference of a loss under a fire insurance policy, homeowners

22

insurance policy, commercial multi-peril insurance policy, business interruption insurance policy, fidelity bond or crime insurance policy, inland or ocean marine insurance policy, or other property damage insurance coverage of any sort, shall be a public insurance adjuster.

13.    NEPSG directly or indirectly solicits from insureds or the representative of insureds, or performs services pursuant to an agreement, engagement or undertaking to represent the insureds in connection with the assessment of damages, negotiation, settlement, appraisal or reference of a loss under a fire insurance policy or homeowners insurance policy

14.    NEPSG performs inspections of its customers' properties to search for and locate what it calls "storm-related damage."

15.    NEPSG submits insurance claims on behalf of their customers.

16.    NEPSG is not an insured or named insured under the policy of insurance Travelers issued to Avrom Honig.

18.    As part of the contractual undertaking to perform construction services for its customers and clients, NEPSG routinely has its customers and clients execute an irrevocable assignments of benefits, wherein the customers and clients grant to NEPSG certain rights, duties and/or obligations with respect to claims presented to their homeowner's insurance policies at the behest or instruction of NEPSG.

19.    NEPSG used the purported rights obtained through its assignment of benefits with Avrom Honig to pursue an insurance claim on its behalf with Travelers.

20.    As the assignee of the insurance claim, NEPSG sought to exercise control over the insurance company's access to and inspection of the property in violation of the insurance contract.

21.     NEPSG has breached one or more of the policy conditions contained in the Travelers' policy issued to Avrom Honig, to the detriment of Travelers, through its unjustified failure and refusal to provide information in response to Travelers' requests and or show Travelers the damaged property.

22.     As the assignee of the insurance claim, NEPSG seeks to exercise control over the insurance company's ability to speak or communicate with the insured and, in this case, interfered with Travelers contractual right and statutory duty to communicate with its insureds through threats and or coercion.

23.     NEPSG does not handle claims for damaged personal property items, and did not present a claim on its behalf or on behalf of Avrom Honig for any lost or damaged items of personal property despite being the alleged owner of the claim.

24.     NEPSG does not handle claims for additional living expenses, and did not present a claim on its behalf or on behalf of Avrom Honig for any additional living expenses despite being the alleged owner of the claim.

25.     As part of its business model, NEPSG routinely submits estimates generated by Ceceri and or third-party building estimators using Xactimate estimating software.

26.     The estimates prepared by Ceceri and or the third-party building estimator in the Honig claim reflect costs to perform repairs to property that (1) are not covered by insurance, or (2) are not reasonable or necessary.

27.     Upon information and belied, NEPSG deployed a business practice in pursuit of the claim assigned by Avrom Honig wherein it claimed a scope of damage well beyond that which is reasonable and necessary.

28.    NEPSG routinely demands reference and/or appraisal when insurance companies do not agree with its claimed losses, and made such a demand in pursuit of the claim assigned by Avrom Honig.

29.    NEPSG solicited Avrom Honig and Jessina Honig for a property inspection. On July 11, 2023, NEPSG and the policyholders executed a restoration contract which contained an irrevocable assignment of the insurance claim.  Although NEPSG became the lawful assignee of the insurance claim, it does not have the status of either an insured or named insured under the terms and provisions of the Travelers' policy.

30.    NEPSG consistent with its business model and practices, sought to unreasonably control and limit the ability of Travelers to investigate the claim as it has a lawful right to do.

31.    NEPSG, in furtherance of its business practices, submitted to Travelers a grossly inflated and unreasonable estimate for the cost to repair damages to the property owned by Avrom Honig.

32.    Travelers performed an investigation of the claim, which investigated included an interior inspection performed by Travelers and its loss consultants.

33.    NEPSG falsely, and or no legitimate purpose, criticized the inspections performed by or on behalf of Travelers in an effort to frustrate the insurer's good faith efforts to investigation and adjustment of the claimed damages, and further its own business interests.

34.    NEPSG, in furtherance of its business practices, claimed that Travelers could not communicate with its policyholder, erroneously claiming any communication with Avrom Honig violated the insurance policy.

25

35.    NEPSG demanded reference based on its claim that Travelers had not agreed to the amount of loss presented in the estimates furnished by or on behalf of NEPSG.

36.    NEPSG, willfully, and in furtherance of its business practices, failed to respond to Travelers' reasonable requests for information.

37.    NEPSG failed, refused and otherwise unjustifiably withheld information from Travelers material to its investigation of the claim.

38.    Despite its withholding of information from Travelers, NEPSG nevertheless accused Travelers of refusing to provide relevant claim information, which has prolonged the claim to the detriment of Avrom Honig and Travelers.

39.    In furtherance of its business model and practices, NEPSG sent a demand for relief citing the provisions of the Massachusetts Consumer Protection Act, G.L. c. 93A, and demanding the sum of $250,000.00 without any factual or legal basis for its demands.

40.    NEPSG failed to perform its obligations under the terms of the contract with the policyholder, thereby creating conditions which it has alleged led to bodily injury claims which have yet to be asserted.

41.    After NEPSG demanded reference, and once the three referees were chosen, NEPSG purposely and willfully frustrated the reference process by refusing to communicate with the third referee, James Trudeau, and even its own referee, Chris Yerkes, who subsequently resigned from serving as referees solely due to the conduct of NEPSG.

42.     NEPSG unilaterally, and without justification or legal authority, attempted to temporarily suspend and hold in abeyance the reference proceedings it demanded based on its stated intent to file a declaratory judgment action.

43.     NEPSG never filed a declaratory judgment action.

44.     NEPSG, as the assignee of the claim, has failed, refused or otherwise declined to participate in the reference process.

45.     NEPSG has failed to meet each and every condition precedent to maintaining an action on the policy.

46.     NEPSG, on behalf of the policyholders, reported subsequent instances of water intrusion to Travelers.

47.     Travelers investigated the reported claims and determined that the losses were separate and distinct events, and treated them as separate claims.

48.     NEPSG, in furtherance of its business practices, and to maximize its profits, adopted an erroneous and flawed interpretation of the insurance policy to assert that all of the damage to the insured's property resulted from a single event.

49.     NEPSG has failed, refused and without sufficient justification, not submitted or presented a separate claim for damage despite the fact that the losses in question occurred on different dates.

## COUNTERCLAIM

## COUNT I – VIOLATION OF GENERAL LAWS CHAPTER 93A

50.     The defendant and plaintiff-in-counterclaim, Travelers, repeats, realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 49 of this counterclaim as if fully set forth herein.

51.     At all relevant times, NEPSG was engaged in trade and commerce.

52.     While engaged in trade and commerce, NEPSG has deployed and or engaged in unfair and deceptive business practices to the detriment of Travelers and its policyholders through its conscription of the insurance claims and has materially frustrated Travelers contractual relationship and its ability to meet its contractual duties and statutory obligations.

53.     The conduct of NEPSG during the claim as alleged herein constitutes a violation of its duty of good faith and fair dealing.

54.     The acts of NEPSG as described herein constitute unfair and deceptive acts or practices within the meaning of G.L. Chapter 93A, § 2 and 11.

55.     As a result of NEPSG's conduct as described herein, Travelers has suffered damages including, but not limited to, being subjected to fraudulent and inflated estimates, as well as attorney's fees.

56.     The damages suffered by Travelers were a foreseeable consequence of the unfair and deceptive acts or practices deployed by NEPSG in connection with this claim.

57.     The conduct of NEPSG in this matter has been willful or knowing.

58.     As a result of the conduct of NEPSG as described herein, Travelers has suffered injury, harm, and damage.

WHEREFORE, the defendant and plaintiff-in-counterclaim, The Travelers Home and Marine Insurance Company prays that judgment enters against New England Property Service Group LLC, awarding The Travelers Home and Marine Insurance Company its actual damages, double treble damages, attorney's fees, and costs, together with such further relief as the Court deems just and proper.

## JURY DEMAND

**TRAVELERS HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE TO A JURY**

Respectfully submitted,
THE TRAVELERS HOME AND
MARINE INSURANE COMPANY,

By Its Attorneys,

**MORRISON MAHONEY LLP**

/s/ *William A. Schneider*

William A. Schneider, BBO #636421
Richard R. Hennessey, BBO #680652
250 Summer Street
Boston, MA  02210
Tel: (617) 439-7573
Fax: (617) 342-4951
*wschneider@morrisonmahoney.com*
*rhennessey@morrisonmahoney.com*

## CERTIFICATE OF SERVICE

I, William A. Schneider, hereby certify that on March 31, 2025, I filed this document through the CM/ECF system, and a copy will be sent electronically to the registered participants as identified on the NEF (NEF), and paper copies will be sent to those indicated as non-registered participants.

Brittany J. Strojny, Esq.
New England Property Services Group, LLC
1822 North Main Road
Second Floor Annex, Suite 001
Fall River, MA 02720
brittany@newenglandpropertyserviesgroup.com

Michael Henry Brady, Esq.
New England Property Services Group, LLC
1822 North Main Road
Second Floor Annex, Suite 001
Fall River, MA 02720
Lawcop99@comcast.net

/s/ *William A. Schneider*

William A. Schneider